UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ROBERT PEACE,                       :           97 Cr. 1140 (SHS)

                                     :           05 Cv. 1854 (SHS)

                 Petitioner,      :

                                       :          <u>OPINION & ORDER</u>

           -against-               :

                                       :

UNITED STATES OF AMERICA,         :

                                       :

                    Respondent.      :

-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

**Introduction**

Robert Peace, proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Peace asserts two grounds in support of his petition. He first claims that his sentence is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and <u>United States v. Booker</u>, -- U.S. --, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He next claims that he received ineffective assistance of counsel in connection with his trial and appeal.

As set forth more fully below, Peace's petition is denied because he waived his <u>Apprendi</u> objection; <u>Blakely</u> and <u>Booker</u> do not apply retroactively on collateral review; and petitioner did not receive ineffective assistance of counsel.

**I.      Facts**

On June 17, 1998 a grand jury indicted Peace on one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 846. (Indictment No. S4 97 Cr. 1140, Ex. A to Govt.'s Mem. in Response to Petition of

Robert Peace).  The government indicted ten of Peace's co-conspirators in connection with the same conspiracy.  United States v. Petteway, 79 Fed.Appx. 453, 454 (2d Cir. 2003).  Six of those co-conspirators pled guilty before trial, one was a fugitive, and three other co-conspirators along with Peace were tried together.  Id.

One week before the trial of Peace and his three co-conspirators commenced, the government filed a prior felony information pursuant to 21 U.S.C. § 851(a)(1) setting forth that Peace previously was "convicted of a violation of North Carolina state law relating to narcotic drugs, namely, possession with intent to sell and deliver cocaine…." (Prior Felony Information dated Apr. 29, 1999, Ex. J to Petition of Robert Peace).  The prior felony information subjected Peace upon conviction to the enhanced penalty provision set forth at 21 U.S.C. § 841(b)(1)(A).  That provision, in turn, establishes a 20-year mandatory minimum sentence for offenses involving 50 grams or more of cocaine base committed by a person with a prior "felony drug offense…."  21 U.S.C. § 841(b)(1)(A) (1999).

Peace's trial commenced on May 5, 1999 and three weeks later a jury convicted him of conspiracy with respect to cocaine base but acquitted him of conspiracy with respect to cocaine.  (Tr. dated May 27, 1999 at 2255-2258).  After Peace's conviction the Court granted Peace several adjournments of his sentencing in order to allow Peace to contest his prior felony conviction in the North Carolina state court.  (See Letter to the Court from Barry M. Fallick, Esq. dated July 5, 2001).  After Peace had exhausted to no avail his avenues for challenging his prior state court conviction, the Court sentenced him to the statutory mandatory minimum of 240 months' imprisonment.  (Tr. dated Sept. 5, 2002 at 14).

Peace filed a timely notice of appeal and asserted a single ground challenging his conviction: that the Court had coerced the jury into finding him guilty because the Court twice encouraged the jury "to reach a unanimous verdict." Petteway, 79 Fed.Appx. at 454-55. Peace did not challenge his sentence on any ground. Id. In an unpublished summary order dated October 28, 2003, the Second Circuit affirmed Peace's conviction, id., and Peace then timely filed this petition pursuant to 28 U.S.C. § 2255.

## II.      Discussion

"A motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998). "A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition most show that there was cause for failing to raise the issue, and prejudice resulting therefrom." Id. (quoting United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995)) (internal quotation marks and citations omitted); see also Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Alternatively, a petitioner may raise an issue for the first time on collateral review "if he can establish that the constitutional error … has probably resulted in the conviction of one who is actually innocent." Bousley, 523 U.S. at 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (internal quotation marks and citations omitted).

Cause "under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him…." Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "Attorney ignorance or inadvertence" does not constitute cause because the attorney is the petitioner's agent with respect to the litigation. Id. However, attorney error that rises to the level of ineffective assistance of counsel does constitute cause because it is an independent violation of the

Sixth Amendment and thus operates as an "external factor" that is "imputed to the State." Id. at 753-54 (internal quotation marks and citations omitted).

To demonstrate ineffective assistance of counsel, petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688-94, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). First, he must show that his attorney's representation fell below an objective standard of "reasonableness under prevailing professional norms." Id. at 688. Second, he must show that there is a "reasonable probability" his sentence would have been different but for the attorney's error. Id. at 694.

"Judicial scrutiny of counsel's performance must be highly deferential." Id. at 698. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Cox v. Donnelly, 387 F.3d 193, 198 (2d Cir. 2004) (quoting Strickland, 466 U.S. at 689, 80 L.Ed.2d 674, 104 S.Ct. 2052).

A. Peace Waived Any Challenge to His Sentence Based Upon Apprendi

Peace first asserts that his mandatory minimum sentence is unconstitutional pursuant to Apprendi because the jury did not find beyond a reasonable doubt the quantity of narcotics that triggered the application of the twenty-year mandatory minimum sentence that the Court imposed upon him. However, Peace waived any argument based on Apprendi because he did not raise it on appeal and he has failed to show cause for that omission.

With respect to cause, Peace claims that his appellate counsel, Barry M. Fallick, Esq., was ineffective for failing to raise an Apprendi argument on appeal. Peace asserts that he "requested" that Fallick "raise the Apprendi doctrine on direct appeal, but Mr.

Fallick['s] judgment was that the <u>Apprendi</u> issue did not have merit….." (Petitioner's Reply dated Aug. 17, 2005 at 6).

Within the context of a criminal appeal, counsel is not constitutionally obligated to "advance every nonfrivolous argument that could be made. However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly weaker." <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994) (internal citations omitted). While it is true that the argument counsel pursued on appeal was not strong, <u>see</u> <u>United States v. Petteway</u>, 79 Fed. Appx. 453 (2d Cir. 2003), the Court cannot conclude that Peace's sentence – at the time it was imposed – raised a significant and obvious <u>Apprendi</u> issue that counsel omitted.

The United States Court of Appeals for the Second Circuit recently held that, "Because mandatory minimums operate in tandem with increased maximums in § 841(b)(1)(A) and –(b)(1)(B) to create sentencing ranges that raise the limit of the possible federal sentence, drug quantity must be deemed an element for all purposes relevant to the application of these increased ranges." <u>United States v. Gonzalez</u>, -- F.3d --, No. 03 Cv. 1356, 2005 WL 2002275 at *14 (2d Cir. Aug. 22, 2005) (internal quotation marks and citations omitted). Pursuant to <u>Gonzalez</u>, because Peace received a mandatory minimum sentence of twenty years' imprisonment based on drug quantity that was not found by the jury beyond a reasonable doubt, an <u>Apprendi</u> violation occurred notwithstanding that Peace was sentenced within the applicable statutory maximum of 30 years' imprisonment.

However, at the time Peace filed his notice of appeal in September of 2002, this principle was not yet established. <u>See</u> <u>United States v. Guevara</u>, 298 F.3d 124 (2d Cir. 2001), <u>altering upon reconsideration</u> <u>United States v. Guevara</u>, 277 F.3d 111 (2d Cir.

2001); see also Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524

(2002).  Moreover, two months after Peace filed his appeal, the Second Circuit held that,

"Facts that compel the imposition of a mandatory minimum sentence, but not a sentence in

excess of the otherwise applicable maximum, need not be charged in the indictment or

determined by a jury beyond a reasonable doubt."  United States v. Luciano, 311 F.3d 146,

153 (2d Cir. 2002).  Given that the principle set forth in Gonzalez was not established at

the time Peace filed his appeal, and that Luciano foreclosed Peace's Apprendi argument

shortly after he filed his appeal, the Court cannot conclude that appellate counsel's failure

to pursue an Apprendi claim constitutes objectively unreasonable performance.  In

addition, because in Luciano the Second Circuit appeared to resolve the issue of

Apprendi's application to mandatory minimum sentences pursuant to section 841, the

Court cannot conclude that Peace suffered any prejudice as a result of counsel's failure to

pursue Peace's Apprendi objection.  Accordingly, because Peace cannot show that Fallick

was ineffective for failing to raise the Apprendi issue on appeal, he has not shown cause

for the failure to raise that issue and has therefore waived it with respect to this section

2255 petition.  Finally, Apprendi does not apply retroactively to section 2255 petitions.

Coleman v. United States, 329 F.3d 77, 90 (2d Cir. 2003).

B.  Peace's Sentence Properly Was Based Upon a Prior Conviction

Peace next urges that his sentence is unconstitutional pursuant to Apprendi because

it was based in part upon a prior conviction, the existence of which was not submitted to

the jury and proved beyond a reasonable doubt.  Again, however, Peace waived this

argument by failing to raise it on appeal.  Moreover, it is well established that a sentence

may be based upon the fact of a prior conviction that was not submitted to the jury and

proved beyond a reasonable doubt.  <u>Apprendi</u>, 530 U.S. at 489, 120 S.Ct. 2348, 147

L.Ed.2d 435; <u>Almendarez-Torres v. United States</u>, 523 U.S. 226, 226 & 247, 118 S.Ct.

1219, 140 L.Ed.2d 350 (1998).  Accordingly, Peace's sentence was properly based in part

upon his prior felony conviction.

C.  Neither <u>Blakely</u> Nor <u>Booker</u> Apply Retroactively

Peace also asserts that his sentence violated the principles set forth in <u>Blakely v.</u>

<u>Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and <u>United States v.</u>

<u>Booker</u>, -- U.S. --, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  However, Peace may not raise

any argument with respect to those cases because they were decided after Peace's

conviction became final and they do not apply retroactively to section 2255 petitions.

<u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005); <u>Carmona v. United States</u>, 390

F.3d 200, 202-03 (2d Cir. 2004).

D.  Peace Did Not Receive Ineffective Assistance of Counsel

Peace asserts several reasons why three of his attorneys were deficient.  However,

as set forth below, Peace fails to demonstrate that any of his attorneys rendered objectively

unreasonable assistance and that he suffered prejudice as a result.

1.  Lawrence F. Ruggiero, Esq.

Peace claims that Ruggiero was ineffective for failing to explain to Peace the

advantages of entering into a plea agreement; negotiate a plea agreement providing for five

years' imprisonment that Peace asserts he was promised by an F.B.I. agent who arrested

and debriefed him; and follow up on a proffered plea agreement dated April 6, 1999 that

provided for a sentencing range of 121 to 151 months' imprisonment.

Ruggiero asserts in a sworn affidavit that he spent an "extraordinary amount of time … calculating and explaining to [Peace] the possible guideline sentences he faced if he pleaded guilty or went to trial" and "attempting to negotiate the best possible government guilty plea offer for Mr. Peace…." (Affidavit of Lawrence F. Ruggiero dated July 26, 2005 ¶ 4). Ruggiero also maintains that he reviewed with Peace the results of his negotiations with the government and "strongly advised [Peace] to plead guilty" pursuant to the April 6 plea agreement. (Id. ¶¶ 4-5).

Ruggiero relates that he spent three hours with Peace urging him to enter into that plea agreement, but Peace refused because "he believed he was entitled to a guilty plea to a drug charge carrying a five-year mandatory minimum sentence." (Id. ¶ 6). Ruggiero avers that he then attempted to negotiate a plea agreement providing a mandatory five-year minimum sentence, but the government refused to make such an offer. (Id.). Ruggiero sets forth that he again "spent hours" with Peace explaining the April 6 plea agreement to him and advising him to accept it, but that Peace again refused and began "accusing [Ruggiero] of ineffectively representing him." (Id.; see also Memorandum dated Jan. 26, 2000 at 1, Ex. A to Petitioner's Reply).

Peace has failed to demonstrate that Ruggiero's representation fell below an objectively reasonable standard. Ruggiero successfully negotiated for Peace a draft plea agreement that would have exposed him to between 121 and 151 months' imprisonment – substantially less imprisonment than Peace faced and substantially less than he ultimately received. However, Peace declined to sign that agreement. (Petitioner's Reply dated Aug. 17, 2005 at 2-3). Peace's vague assertion that Ruggiero failed to "follow up" with the government on that plea agreement does not render Ruggiero's assistance ineffective.

Likewise, the fact that Ruggiero was unable to convince the government to allow Peace to plead guilty to a charge carrying "only" a five-year mandatory minimum sentence does not render his representation objectively unreasonable, especially given that Peace was eligible for a mandatory minimum sentence of four times that length. Accordingly, Peace has failed to demonstrate that Ruggiero rendered ineffective assistance of counsel.

### 2. Ellyn I. Bank, Esq.

Peace contends that Bank rendered ineffective assistance of counsel because she failed to negotiate a plea agreement providing for five years' imprisonment; forced him to go to trial; never informed him that the Court had discretion to accept or reject a plea agreement; and failed to investigate his case and develop a defense at trial.

Bank avers that she engaged in plea negotiations with the government and explained to Peace "in specific detail, on numerous occasions, the advantages of his pleading guilty over being convicted after trial." (Affirmation of Ellyn I. Bank, Esq. ¶¶ 3, 5). Bank asserts that she specifically informed Peace that "if he pled guilty prior to trial," the government "would not file a prior felony information and [Peace] therefore would receive a significantly lesser sentence than if he was convicted" at trial. (Id. ¶ 3). Nonetheless, she maintains that Peace refused to enter into a plea agreement. (Id. ¶¶ 7-8).

Bank further avers that she never forced Peace to go to trial, and she did inform him that the Court had discretion to accept or reject a plea agreement. (Id. ¶¶ 9-11). Finally, Bank sets forth that she investigated the facts of the case and prepared a defense. (Id. ¶ 12).

Peace has failed to demonstrate ineffective assistance of counsel. Bank was not ineffective merely because she was unable to negotiate a plea agreement providing for a

five-year mandatory minimum sentence.  In fact, during Bank's representation of Peace, the government offered him a plea agreement providing for a sentencing range of 135 to 161 months.  (Plea Agreement dated May 4, 1999 at 3, Ex. I to Petition of Robert Peace). Peace sets forth that he "was willing" to enter into that plea agreement, but does not explain why he failed to do so.  (Pet. of Robert Peace at 23 ¶ 8).

Bank avers that Peace communicated to her his willingness to enter into the plea agreement and she scheduled a plea with the Court.  However, after Peace was produced in the courtroom, "he decided that he did not want to plea[d] guilty but that he in fact wanted to proceed to trial instead."  (Affirmation of Ellyn I. Bank, Esq. ¶ 7).  Bank sets forth that she informed Peace "again, that if he rejected the government's plea offer, the government would file a prior felony statement and, if he was convicted at trial, he would be facing a minimum of twenty years."  (Id. ¶ 8).  Nonetheless, Peace declined to enter into the plea agreement.  (Id.  ¶¶ 7, 9).

In addition, Peace does not explain his assertion that Bank "forced" him to go to trial, (Pet. of Robert Peace at 22 ¶ 3), and the record contains no evidence to support that contention.  Peace also has failed to point out how Bank's representation at trial fell below an objective standard of reasonableness, especially considering that Peace was acquitted of conspiracy with respect to five kilograms or more of cocaine.  Finally, even assuming that Bank failed to inform petitioner that the Court could accept or reject a plea agreement, that failure could not have prejudiced Peace because he never signed a plea agreement in the first place.  Accordingly, Peace has failed to demonstrate ineffective assistance of counsel with respect to Bank.

3.  Barry M. Fallick, Esq.

Petitioner asserts that Fallick was ineffective for failing to raise an <u>Apprendi</u> argument on appeal – discussed above – as well as the issues of petitioner's minor role in the offense of which he was convicted and Bank's ineffectiveness at trial with respect to a purported violation of the Confrontation Clause.  In addition, Peace contends that Fallick was ineffective for failing to file a petition for a writ of certiorari on Peace's behalf.

Fallick responds that he did not raise the issue of petitioner's minor role because it was irrelevant in light of the fact that petitioner received the statutory mandatory minimum sentence.  (Affirmation of Barry M. Fallick, Esq. dated June 16, 2005 ¶ 3).  Fallick further maintains that his review of the record revealed no Confrontation Clause issue with respect to which Bank was arguably ineffective, (<u>id.</u>), and Peace points to none.  Last, Fallick sets forth that he did not file a petition for a writ of certiorari for Peace's case because that petition would have been frivolous, and that he informed Peace of his conclusion by letter and provided him with instructions as to how Peace could petition for a writ of certiorari pro se.  (<u>Id.</u> ¶ 4; Letter to Robert Peace from Barry M. Fallick dated Nov. 11, 2003).

Fallick's conduct was not objectively unreasonable.  Because Peace's sentence could not have been altered even if Peace were found to have played a minor role, Fallick's decision not to raise that issue on appeal does not fall below professional norms.  In addition, Peace has failed to set forth the purported violation of the Confrontation Clause and how Bank was ineffective at trial, and thus has failed to demonstrate why it was unreasonable for Fallick not to press those issues on appeal.  Further, because Peace had a full opportunity through this petition to present his contentions as to Bank's alleged

ineffectiveness, he suffered no prejudice.  See Massaro v. United States, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

Finally, because Peace is not constitutionally entitled to review by the Supreme Court, he cannot show ineffective assistance with respect to Fallick's failure to petition that court for certiorari.  Pena v. United States, No. 04 Civ. 9700, 2005 WL 1176073 at *8 (S.D.N.Y. May 18, 2005); Delacruz v. United States, No. 92 Civ. 4445, 1992 WL 212318 at *1 (S.D.N.Y. Aug. 27, 1992).  Moreover, the Court is not aware of any meritorious claims that could have been raised in such a petition.  Accordingly, the Court concludes that Fallick was not ineffective.

The record indicates that Mr. Peace's successive trial counsel each urged him to enter into different iterations of a plea agreement, each of which provided for stipulated guidelines ranges significantly below the guidelines range that applied to him after conviction.  However, petitioner rebuffed their efforts and refused to enter into any such agreement, which was most certainly his right.  This motion is largely an effort to undo the results of his knowing and voluntary choice, but that is not an avenue available to support vacating a sentence pursuant to section 2255.

**Conclusion**

The Court denies Peace's petition because his counsel was not ineffective; petitioner waived his Apprendi objection; and Apprendi, Blakely and Booker do not apply retroactively on collateral review.

However, Peace has made a substantial showing of the denial of a constitutional right with respect to whether his appellate counsel was ineffective for failing to raise – prior to the Second Circuit's decision in Gonzalez – an Apprendi claim on appeal in light

of the fact that Peace received a mandatory minimum sentence of twenty years'

imprisonment based upon a quantity of narcotics that was not found by the jury beyond a

reasonable doubt. Accordingly, the Court grants Peace a certificate of appealability with

respect to whether (1) his appellate counsel rendered objectively unreasonable

representation by failing to pursue Peace's Apprendi objection; and (2) that failure

prejudiced Peace. 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209

F.3d 107, 111-13 (2d Cir. 2000); Soto v. United States, 185 F.3d 48, 51-53 (2d Cir. 1997).

Dated: New York, New York
       September 12, 2005

SO ORDERED:

Sidney H. Stein, U.S.D.J.

13